**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANNIE J. GOOLSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-616-GKF-PJC |
| ) | |
| TULSA PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion for Summary Judgment [Dkt. #21] of defendant Tulsa Public Schools ("TPS"). Plaintiff Annie J. Goolsby ("Goolsby") claims TPS failed to hire her based upon her race in violation of Title VII of the Civil Rights Act of 1964. For the reasons set forth below, TPS' Motion for Summary Judgment is granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, [the court] must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Bryant v. Farmers Insurance Exchange*, 432 F.3d 1114, 1124 (10th Cir. 2005). "The nonmoving party 'must identify sufficient evidence which would require submission of the case to a jury.' Where the nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and identify specific facts that demonstrate the existence of an issue to be tried by the jury." *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1264 (10th Cir. 2007) (internal citations omitted). To survive a motion for summary judgment, the nonmovant "must establish that there is a genuine

issue of material fact . . . ." *Matsushita Electric Industries v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

Summary judgment is sparingly used in employment discrimination claims because such claims often turn on an employer's intent. *Gudenkauf v. Stauffer Communications, Inc.*, 922 F. Supp. 465, 470 (D. Kan. 1996) (internal citations omitted). "Even so, summary judgment is not 'per se improper,' and may be useful in weeding out claims and cases obviously lacking merit." *Id*. Accordingly, summary judgment is appropriate in an employment discrimination case only when the plaintiff's evidence entirely fails to create any reasonable doubt concerning the employer's expressed lawful motive for taking adverse employment action. *See Cone v. Longmont United Hospital Association*, 14 F.3d 526, 530 (10th Cir. 1994); *Gudenkauf*, 922 F. Supp. at 470.

TPS' first proposition is that Goolsby cannot recover for claims that occurred more than three hundred (300) days prior to the filing of her Equal Employment Opportunity Commission ("EEOC") charge of discrimination (filed December 15, 2004). *See* 42 U.S.C. § 2000e-5(e)(1). Goolsby states that her claims are based on TPS' failure to hire her at Bryant Elementary in April of 2004.[1] [Plaintiff's Response, Dkt. #22, pp. 2, 5] Goolsby filed her charge of discrimination within three hundred (300) days thereof. The Court concludes that Goolby's claim is not time-barred for purposes of summary adjudication.

In its second proposition, TPS contends: (1) Goolsby has failed to satisfy the third element of her *prima facie* case for race or age discrimination; and (2) Goolsby has offered no evidence that TPS' legitimate, nondiscriminatory reason for not hiring her is pretextual. When a plaintiff relies on circumstantial evidence to prove employment discrimination, the court must apply the three-step

---

[1] The fact that the kindergarten teaching position at Bryant Elementary was filled on March 22, 2004 appears undisputed. The slight time difference is not dispositive.

2

burden-shifting framework set forth in *McDonnell-Douglas*[2] and its progeny. *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). *McDonnell-Douglas* first requires the plaintiff to establish a *prima facie* case of prohibited employment action. *McDonnell-Douglas*, 411 U.S. at 800-07. The *prima facie* elements of a Title VII failure to hire claim are: (i) plaintiff belongs to a protected class; (ii) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (iii) despite being qualified, the plaintiff was rejected; and (iv) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1321 (10th Cir. 2004); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000).

If the plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary judgment is warranted unless the plaintiff can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual. *Plotke*, 405 F.3d at 1099 (internal citations omitted). A plaintiff may show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence" and therefore infer that the defendant employer did not act for the asserted nondiscriminatory reason. *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997). A plaintiff typically makes a showing of pretext in one of three ways: (1) with evidence that the defendant's articulated nondiscriminatory reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by

---

[2] *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1983).

3

the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision. *Kendrick*, 220 F.3d at 1230.

TPS contends that Goolsby cannot establish the third element of a *prima facie* case (that Goolsby was rejected despite being qualified) because Goolsby was never rejected for the position of kindergarten teacher at Bryant Elementary School. It is undisputed that following an interview with Goolsby, the TPS Director of Human Resources ("HR") decided not to include Goolsby in the pool of qualified applicants who were eligible for school site principals to interview. However, Goolsby was "qualified" insofar as she held a valid teaching certificate. The Court concludes that Goolsby has established the third element of a *prima facie* case.

Finally, TPS argues that Goolsby failed to present any evidence that its proffered reasons for failing to hire Goolsby were a pretext for discrimination. TPS says it based its decision not to hire Goolsby on her inadequate skill qualifications, an undistinguished work history, her poor interview, a written complaint dated December 5, 2003 from the principal of Celia Clinton Elementary School referencing serious job deficiencies with Goolsby's work as a substitute teacher, and remarks regarding serious deficiencies in Goolsby's performance as a substitute from an African American former principal of Lindsey Elementary School.

In her Response [Dkt. #22], Goolsby repeatedly asserts her subjective belief that she was well qualified and that TPS hired a lesser-qualified white woman. Goolsby denies any knowledge of, and disputes the incidents relating to, the poor performance reviews given by the two principals. However, Goolsby's subjective belief is irrelevant. A plaintiff's subjective belief is insufficient to create a genuine issue of material fact concerning allegedly discriminatory motives. *Kendrick*, 220

F.3d at 1231 n.11 (*citing Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1408 n.7 (10th Cir. 1997)). Moreover, a plaintiff's unsupported allegations, standing alone, will not defeat summary judgment. *Morgan*, 108 F.3d at 1324; *Cone*, 14 F.3d at 530. Further, the accuracy of the negative performance reviews by the principals is irrelevant. ''The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs.'' *Lewis v. Four B Corp.*, 347 F. Supp. 2d 1017, 1024 (D. Kan. 2004) (internal citations omitted). Goolsby offers no evidence that HR believed the performance reviews to be false or acted in bad faith upon them. Therefore, Goolsby has failed to show a genuine issue of material fact as to whether TPS' proffered reasons its decision were pretextual.

**WHEREFORE** the Motion for Summary Judgment of defendant Tulsa Public Schools [Dkt. #21] is granted.

**IT IS SO ORDERED** this 13th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma